IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP DEWAYNE HILL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION 1:17-00305-KD-N |
| JEFFERSON DUNN, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on a review of the record. Based on the foregoing, it is **ORDERED** that this action is **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff Hill's failure to prosecute and obey Court orders.

Specifically, on July 3, 2017, Plaintiff Phillip Dewayne Hill (Hill) initiated this federal action against numerous defendants alleging 42 U.S.C. § 1983 violations (use of excessive force, "impl[e]mentation of the procedures used," failure to protect/intervene, denial of medical care and inadequate treatment); "state law claims of assault & battery[;]" and claims for slander and harassment. (Doc. 1). On November 21, 2019, the Court issued an order stating as follows:

> ... Plaintiff's last contact with the Court was when he filed his amended motion to proceed without prepayment of fees while he was at Fountain Correctional Center....Due to the length of time that has elapsed since Plaintiff's last contact with the Court, the Court examined the Alabama Department of Corrections' website and discovered that Plaintiff is now incarcerated at Holman Correctional Facility, Holman 3700, Atmore, AL 36503-3700. Plaintiff did not advise the Court of this change in his address even though he was warned that he must advise the Court of any address change or suffer the dismissal of his action for failure to prosecute and to obey the Court's Order....

> ....due to Plaintiff's failure to advise the Court of this address change and considering the length of time since the Court has heard from Plaintiff, it appears that Plaintiff no longer is interested in litigating this action. Plaintiff, therefore, is **ORDERED** on or before **December 11, 2019** to inform the Court, in writing, if he wants to proceed with the

> litigation of this action. Plaintiff's failure to comply with this Order within the required time will be treated as an abandonment of the prosecution of this action.[ ]
>
> Thereupon, this action will be dismissed without prejudice.
>
> If this action is dismissed without prejudice, such a dismissal would be effectively a dismissal with prejudice. That is, because if this action were re-filed, the action would be barred by the two-year statute of limitations, as the complained of incident occurred November 9, 2016, more than two years ago. .... *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992).
>
> The Clerk is **DIRECTED** to change Plaintiff's address on the docket to reflect that he has been transferred from Fountain Correctional Facility to Holman Correctional Facility. Out of an abundance of caution, the Clerk is **DIRECTED** to send a copy of this Order to Plaintiff at both the Fountain and Holman addresses.

(Doc. 83). Hill filed nothing in response by the December 11, 2019 deadline. Notably, Hill failed to inform the Court, in writing, if he wished to proceed with the litigation of this action, as ordered.

On December 19, 2019, the Court issued another Order specifying as follows:

> It is further **ORDERED** that Plaintiff shall notify the Court, on or before **January 16, 2020,** as to whether he intends to proceed with litigation of this case. Plaintiff is **CAUTIONED** that his failure to do so, by that date, will be treated as an abandonment of the prosecution of this action which will result in this case being dismissed without prejudice.1
>
> ***
>
> [FN1] If this action is dismissed without prejudice, such a dismissal would be effectively a dismissal with prejudice. That is, because if this action were re-filed, the action would be barred by the two-year statute of limitations, as the incident occurred November 9, 2016, more than two years ago. *Lufkin v. McCallum*, 956 F.2d 1104 at 1105, 1108, and n.2 (11th Cir. 1992).

(Doc. 85). Hill failed to notify the Court by January 16, 2020, that he intended to proceed. Hill has filed no response to the Court's orders. Notably, Hill has filed nothing in this Court since 2017.

District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.*, 2018

WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Additionally, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Moreover, S.D. Ala. Civ. L.R. 41(c) provides that the Court may dismiss an action for lack of diligence. The Local Rule states that "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." In this circumstance, Fed. R. Civ. P. 41(b) applies. The Rule provides for involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"[1] Additionally, in relevant part, Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) ... -- operates

---

[1] Although the Rule states that a defendant may move to dismiss, the "court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802 (11th Cir. 2006).

as an adjudication on the merits." Fed. R. Civ. P. 41(b). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Thomason v. Alabama Home Builders Licensure Bd., 2018 WL 3341663, *2 (11th Cir. Jul. 9, 2018) (citations omitted).

In this case, Hill was informed -- twice -- that failure to comply with the Court's orders and respond to same would result in dismissal of his case. Despite the fact that Hill was repeatedly given the opportunity to proceed and express his intent to litigate, he has failed to do so. Hill's complete failure to respond to the Court strongly suggests that he has lost interest in this litigation and does not intend to prosecute this action. Under the circumstances, the Court finds that no alternatives short of dismissal will suffice. Accordingly, Hill's action is **DISMISSED** without prejudice pursuant Rule 41(b) due to his failure to prosecute and comply with the Court's orders.[2]

**DONE** and **ORDERED** this the **27th** day of **January 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

2 As noted *supra*, the dismissal is effectively a dismissal with prejudice because if this action were re-filed, it would be barred by the two-year statute of limitations as the incident occurred November 9, 2016 (more than two years ago). Lufkin, 956 F.2d at 1105, 1108, and n.2.